GEORGE ZIMMERMAN, COLLECTOR, v. CHARLES MATHE.

Section 84 of the school law (*Rev.*, *p.* 1084) requires the township collector to pay all school moneys only on the order of the district clerks, which orders shall specify the objects for which they are given. *Held*,

1. That an order of the district clerk, which specifies the object for which it was given, without any designation of the yearly taxes out of which it shall be payable, is a sufficient voucher for the township collector.

2. That the township collector paying out school moneys on statutory orders is not responsible for the application the school trustees have made of the money.

On case certified from Bergen Circuit on the following statement of facts :

" This action is brought by Zimmerman, collector of Lodi township, against Mathe, late collector of the same township, to recover the balance of school funds in the defendant's hands, which he had failed to pay over to the plaintiff as his successor in office, pursuant to the order of the township committee of that township.

" The defendant was elected township collector of Lodi in March, 1873, and thereafter annually until and including March, 1883. The plaintiff was elected as his successor in March, 1884.

" For some cause, which does not appear to be chargeable to the defendant, the school moneys for the respective districts paid to him by his predecessor and otherwise received by him from school appropriations made before September 1st, 1873, were not sufficient to meet the orders issued by the respective district clerks, for school expenses incurred prior to September 1st, 1873, and therefore he paid some of those orders out of school moneys appropriated to the respective districts for the year from September 1st, 1873, to August 31st, 1874. Consequently, the district appropriations of that year were inadequate to meet the district orders issued for the school expenses of that year, and the defendant supplied the deficiency out of

the district appropriations of the next year. A similar course was pursued by him throughout his incumbency.

" The orders issued sometimes showed in what school year the debts for which they were given were contracted, and sometimes did not, but in no case did they expressly direct that payment should be made out of the appropriations for any particular year.

" The plaintiff insists that in order to ascertain the balance of school moneys payable to him by the defendant, the defendant can charge against the school appropriations of each district for each year only such orders as were issued for debts incurred in that year. The defendant insists that he can charge against the sum of all the school moneys received by him for each district the sum of all the school orders of that district paid by him, without distributing the same among the several years.

" The Circuit Court of Bergen county desires the advisory opinion of the Supreme Court, as to which of these principles should govern the accounting, and as to any other matter which may seem to the Supreme·Court necessary for the ascertainment of the balance due."

Argued at June Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *Wm. M. Johnson.*

*Contra, Ackerson & Van Valen.*

The opinion of the court was delivered by

DEPUE, J. By section 84 of the school law it is made the duty of the township collector of each township to receive and hold in trust all school moneys belonging to the township or to any of the districts thereof, whether received from the state appropriation, from township or district tax, or from other sources, and to pay out the same only on the orders of the district clerks of the several districts of his town-

ship, which order shall specify the object for which it is given, and shall be signed by at least one other trustee besides said clerk, and shall be made payable to the order of and be endorsed by the person entitled to receive it. *Rev.*, *p.* 1086.

By the act establishing and regulating public schools in this state, every school district is a corporate body. Trustees are elected annually. In these trustees is vested the management and control of schools in their respective districts. The trustees employ teachers, provide school-houses, in fact, upon these trustees devolves the whole subject of expenditures incident to the maintenance of public schools in their districts, and the application of public moneys appropriated for that purpose. *Rev.*, *p.* 1076, *tit.* "*School Trustees.*" The district clerk is an executive officer elected by the trustees, among whose duties is that of paying out, by orders on the township collector, all school moneys of the district secured from the state, township or district. *Rev.*, *p.* 1076, § 35. With the expenditure of moneys raised for school purposes and the application of the moneys to the purpose for which they were raised, the township collector has no official concern. His duties, as defined by section 84, are simply to receive the moneys raised or appropriated for school purposes and to pay out the same only on the orders of the district clerks of the several districts of his township. The statute provides that the orders shall specify the object for which they are given. The statute does not contain a prescription that the order shall make any designation with respect to the yearly taxes out of which it shall be payable. An order on the township collector which expresses the object for which the money is required complies with the statute. Such an order is the voucher on which the collector is required to pay.

Nor is it material to the validity of the order on which the collector pays that the money in his hands is the product of the taxes for any particular year. If, in fact, he has in hand moneys raised for school purposes, no matter how or at what time received, the trustees of the school district are the official body by whom or by whose order in the name of the district

clerk the money is to be withdrawn.   The township collector, if he pays over the money to the proper corporate body and on the statutory order, fully performs his official duty. . He is in no wise responsible for the application the trustees have made of the money.

A certificate will be made accordingly.