## THE CITY OF CAMDEN v. PETER GREENWALD AND FIDELITY DEPOSIT COMPANY OF MARYLAND.

Submitted July 6, 1900—Decided November 12, 1900.

1. The clause in a bond of suretyship for a public official, guaranteeing the faithful discharge of his duties for a specified term and "until his successor is appointed," will not hold the surety for defaults occurring beyond a reasonable time after the expiration of his term; but, what is a reasonable time is a question of fact for the jury and cannot be determined upon a demurrer.

2. Parties to a bond are presumed by law to be bound only for the term fixed in the bond or by statute, or otherwise, for the office; but, if there are words in the bond clearly extending it to a future election or term, it will be held obligatory as its intent would indicate.

3. The words "for and during such succeeding term as said above bounden shall continue to perform the duties of the office of such town treasurer" will hold the surety for a default of the obligor occurring during his continuance in the office of town treasurer after the expiration of the time or term mentioned in the bond.

4. The word "hereinafter" used in the condition of this bond is an evident clerical error, and will be constru·d as if "herein" or "hereinbefore" was the word employed to express the intent of the obligation.

5. A bond which recites that "the above bounden P. G. was appointed town treasurer of said town of S. until the appointment and qualification of his successor" but in no other way mentioning the term, will be held, where nothing otherwise appears, to have been an appointment for the term of two years fixed by statute for the office.

6. If such a bond were not held to be for the term fixed by statute for the office, it would still be good as a voluntary one for the faithful performance by the obligor of the duties of town treasurer until his successor was appointed.

7. A surety in a bond is estopped on demurrer from averring against the recital in the bond that it will be responsible for its obligor for and during "such succeeding terms as he shall continue to perform the duties of his office."

On demurrer to declaration.

The following is a copy of the obligation sued upon in this case:

"Know all men by these presents: That Peter Greenwald, of the town of Stockton, county of Camden, State of New Jersey, as principal, and the Fidelity and Deposit Company of Maryland, a corporation created and existing under the laws of the State of Maryland, having its principal office in the city of Baltimore, Md., as surety, are held and firmly bound unto the town of Stockton, in the county of Camden, in the sum of thirty thousand dollars ($30,000) lawful money of the United States of America, to be paid to the said town of Stockton, in the county of Camden, its certain attorney, successors and assigns, to which payment, well and truly to be made, the said Peter Greenwald binds himself, his heirs, executors and administrators, and the said Fidelity Deposit Company of Maryland binds itself, its successors and assigns, jointly and severally, firmly by these presents.

"Sealed with our seals and dated this first day of June, in the year of our Lord one thousand eight hundred and ninety-six.

"Whereas, at a meeting of the town council of the town of Stockton, in the county of Camden, held on the 26th day of May, A. D. 1896, the above bounden Peter Greenwald was appointed town treasurer of said town of Stockton until the appointment and qualification of his successor.

"Now the condition of this obligation is such that if the above bounden Peter Greenwald shall properly deposit all moneys received by him as town treasurer, to the name and credit of the town of Stockton, in such bank or banks as shall be approved by the financial committee of the town council, keep regular accounts of moneys received and paid out by him as such town treasurer; make monthly detailed reports of the receipts and disbursements of the treasury during the month; turn over to his successor in office all moneys, books, papers, vouchers, goods, chattels and effects belonging to the town of Stockton, which shall come into his hands as such town treasurer, and shall faithfully and impartially perform all other duties which by law or ordinance, now or hereafter, may be required to be performed by him as such town treasurer, not only for the term hereinafter speci-

fied, but for and during such succeeding terms as said above bounden shall continue to perform the duties of the office of such town treasurer.

"It is further mutually agreed and understood between all the parties hereto, that the Fidelity and Deposit Company of Maryland may, upon giving at least thirty days' notice in writing to the town council of the town of Stockton, in the county of Camden, State of New Jersey, terminate its liability hereunder, in so far as concerns the acts or defaults of said Peter Greenwald, subsequent to the end of such thirty days, in which event the Fidelity and Deposit Company of Maryland, upon request, will refund the proportion of the premium paid for the unexpired term of this bond, then the above obligation to be void, otherwise to be and remain in full force and virtue."

Before Depue, Chief Justice, and Justices Gummere, Ludlow and Fort.

For the plaintiff, *Edward G. C. Bleakly.*

For the defendants, *Lindley M. Garrison.*

The opinion of the court was delivered by

Fort, J. On the 26th day of May, 1896, the defendant, Peter Greenwald, was elected to the office of town treasurer of the town of Stockton, in the county of Camden, and on the 1st day of June, 1896, the said defendant, as principal, with the Fidelity and Deposit Company of Maryland, the other defendant, as surety, entered into bond with the said town of Stockton in the sum of $30,000, conditioned as in the bond it is recited and as will appear by inspection of the copy of the bond set out in a statement preceding this opinion.

On the 24th day of March, 1899, by act of the legislature the town of Stockton was consolidated with the city of Camden and all the assets and property of said town passed to that municipality. At the time of such merger the said

defendant Greenwald was still holding the office of treasurer of the town of Stockton. Greenwald did not turn over to the proper authorities of the city of Camden the funds remaining in his hands at the date of such merger, and suit was instituted upon the said bond against both the principal and surety therein.

The declaration contains two counts. The first recites the bond and its condition and the laws, ordinances, &c., governing the duties of the town treasurer of Stockton and alleges breaches thereof in proper form to sustain the action if they are proven on the trial. *The Ordinary v. Wolfson, ante p.* 418.

The second count is the common counts.

To the second count the defendant surety has pleaded the general issue and demurred to the first count.

Five causes of demurrer are specified. The first and second causes were withdrawn on the brief because of the determination of the Court of Errors in *Miller* v. *Camden,* 35 *Vroom* 201, 722, that the act of consolidation was constitutional, they relating to that question only. The remaining three causes raise practically the same question, at least there is but one question of sufficient importance to require consideration.

The brief of the counsel for the demurrer makes two contentions.

*First.* That while the act set up in the declaration as the one under which the town treasurer was appointed fixes his term at two years, the bond sued on does not fix any term.

*Second.* That if the bond can be held to be for two years because that was the term of the office fixed by law, that the alleged failure to account was ten months after the two years expired and after a successor should have been elected, and hence the declaration does not state a cause of action against the defendant during his term or a reasonable time thereafter.

This case can be determined upon the bond which was annexed to the declaration and thereby saved any defect in setting it out in the declaration. *Practice act, Gen. Stat., p.* 2554, § 128.

There is no ambiguity in the bond. Whether it recites a definite term or not seems immaterial under its terms.

It recites, "Whereas, at a meeting of the town council of the town of Stockton, in the county of Camden, held on the 26th day of May, A. D. 1896, the above bounden Peter Greenwald was appointed town treasurer of said town of Stockton, until the appointment and qualification of his successor."

And then follows the condition reciting the duties of the treasurer and concluding as follows: "And shall faithfully and impartially perform all other duties which by law or ordinance, now or hereafter, may be required to be performed by him as such town treasurer, not only for the term hereinafter specified, but for and during such succeeding terms as said above bounden shall continue to perform the duties of the office of such town treasurer."

Strictly the bond is for a term at the will of the appointing power or "until the appointment and qualification of his successor," but if it was under the statute beyond the power of the municipality to make the appointment at their pleasure and therefore it was for two years, then we see no difficulty in holding that it was for the term fixed by the statute for the office and until the appointment and qualification of his successor.

The case of *Mayor, &c., of Rahway* v. *Crowell*, 11 *Vroom* 207, is relied upon to sustain the demurrer even if a two-year term can be read into this obligation. The contention is that the default occurred over ten months after the time fixed in the bond for the expiration of the office of the treasurer as shown on the face of the declaration, the office terminating on the 26th day of May, 1898, and the default is laid on March 24th, 1899.

Chief Justice Beasley did say in the case just quoted that a provision in a bond "and until his successor is appointed," did not hold the surety for an indefinite time after the term expired but only for a reasonable time thereafter. Whether ten months is a reasonable time is not to be determined upon a demurrer, as it might be made reasonable by facts in explanation of the delay, such as a tie in the ap-

pointing power, or other cause, preventing the election of a successor.

But, we are not shut up to that solution in this case and the opinion in the case last cited properly applied sustains this suit. Chief Justice Beasley placed that case upon the doctrine held in *Chelmsford Co.* v. *Demarest, 7 Gray 1,* and in that case the court expressly declare: "But the authorities are uniform that, when the office is annual, the parties to the bond *are presumed by law* to bond themselves accordingly, *if there are no words in the bond clearly extending it to a future election."*

That quotation is authority for both positions contended for here by the plaintiff—*first,* that the office being biennial the parties to the bond are presumed by law to have bound themselves accordingly; *second,* in this bond there are express words clearly extending it to future terms. The bond in this case expressly declares that it shall be in force "for and during such succeeding terms as said above bounden shall continue to perform the duties of the office of such town treasurer."

We have not deemed it of avail to seriously consider the objection to the word "hereinafter" as used in the condition of the bond in connection with the term mentioned in it. The use of that word is an evident clerical error and it should be treated as if it were "herein" and as if the bond read "not only for the term herein specified" or "hereinbefore specified."

The principle here stated is found in all the cases cited in *Mayor, &c., of Rahway* v. *Crowell, supra,* as authority for the construction given to the bond in that case.

If we had reached the conclusion that no term is stated in the bond, notwithstanding the statute fixes one, still it would not have been void; it was a good bond as a voluntary one for the faithful performance of the obligor of the duties of treasurer until his successor was elected. *Hoboken* v. *Harrison, 1 Vroom 73, 78.*

The surety on this bond is estopped on demurrer from averring against the recital in the bond that it will be respon-

sible for its obligor for and during "such succeeding terms as he shall continue to perform the duties of his office." *Seiple* v. *Borough of Elizabeth, 3 Dutcher* 407.

The words used in the bond here under consideration are as broad and much the same as those held sufficient by this court in *Peoples Building Association* v. *Wroth,* 14 *Vroom* 70.

The demurrer in this case is overruled. The defendant has twenty days additional time to plead anew.