WILLIAM J. CONNOLLY, RELATOR, v. ELBERT M. SMITH, COLLECTOR, AND ARTHUR A. CLAY, CHARLES J. RODGERS AND THOMAS J. WALSH, COMMISSIONERS OF THE TOWNSHIP OF UNION, BERGEN COUNTY.

Submitted July 2. 1914—Decided October 1, 1914.

1. A writ of *mandamus* will not be awarded unless the right to relief is clear at the time of the award.
2. To entitle relator, who claims to be the custodian of school money of a municipality, to a writ of *mandamus* to enforce payment to him of a balance of school money raised by taxation, he must be the custodian of such money at the time the writ issues.
3. Under the facts as shown, it appears that the relator's term of office, as custodian of school money, had expired at the time application for a writ of *mandamus* was argued.

---

On rule to show cause why *mandamus* should not issue requiring the payment to relator of school moneys pursuant to section 95 of the School act.

Before Justices SWAYZE, PARKER and KALISCH.

For the relator, *Addison Ely, Jr.*

For the defendants, *Luther Shafer.*

The opinion of the court was delivered by

PARKER, J.   The relator, claiming to be custodian of school moneys of the township of Union, in the county of Bergen, seeks to enforce by *mandamus* the payment to him as such custodian of a balance of $5,027.50 school money raised by taxation in 1913. This payment, by section 95 of the School law (*Comp. Stat., p.* 4755), is obligatory on the collector of the taxing district.

The writ is resisted on several grounds, the first of which is that relator is not *de facto* or *de jure* the custodian of school moneys.  To be entitled to such writ he must at least be custodian at the time it issues.  *Silverthorne* v. *Warren Railroad Co.*, 33 *N. J. L.* 372.  We proceed, therefore, to an examination of this question, which is a little complicated on the facts.

By section 185 of the School act, as amended by *Pamph. L.* 1912, *p.* 507, the custodian of school moneys in a municipality is the collector when so designated by the board of education, otherwise he is the "person designated by law as the custodian of the moneys belonging to the municipality in which the school district shall be situate."  In the case of a township such "person" is the treasurer.  *Comp. Stat., p.* 5577, § 15.  It satisfactorily appears that relator, Connolly, was township treasurer in June, 1913, and in that month was also duly appointed custodian of school moneys for the school year ending June 30th, 1914, and qualified as such.

But in July, 1913, proceedings were instituted to put in force chapter 221 of the laws of 1911 (*Pamph. L., p.* 462), known as the "Walsh act," and it appears that in October two of the three commissioners were elected, there being a tie as to the third; that these two filled the vacancy by selecting the third: and that this board appointed Connolly as the treasurer of the reorganized government, which office he accepted and drew salary therefor.  It would seem that by this action his tenure of the office of township treasurer terminated.  Relator argues that the validity of the adoption of the Walsh act is disputed and is now in litigation; but be this as

it may, he accepted office under·a *de facto* government, and it may well be questioned whether he did not thereby vacate his tenure of the former treasurership. His resignation of the office under the commission in January, 1914, does not help the matter.

But even if there was no incompatibility, his term as township treasurer ran out on the second Saturday after the next annual township election (in March, 1914). *Comp. Stat., p.* 5571, § 6; *Id., p.* 5577, § 15. So, putting the best face on it, relator's term as township treasurer under either government had expired several months before application for the writ.

It is true that by the act of 1912, page 507, *supra,* if the term of the "collector or other person" designated or acting *ex-officio* as custodian, expires before the close of the school year, he is to continue as such custodian until the close of the then current school year. This would continue relator in office as custodian until June 30th, 1914; and in fact his title was recognized by payments of school moneys up to that time. But his term of office expired, quite plainly, as it seems to us, on that date.

A writ of *mandamus* will not be awarded unless the right to relief is clear at the time of the award. Not only is such right not clear to us in this case, but we are quite clear to the contrary. We do not undertake, of course, to adjudicate finally on relator's title to the office that he claims; but necessarily the determination of the question involved required such examination of the matter as would satisfy the court of the validity or otherwise of relator's claim to this money. Relator failing to show such title, the rule to show cause will be discharged.

The result reached makes it unnecessary to deal with the other phases of the case.