PERTH AMBOY DISTRICT COURT.

CHARLES A. BRADY, CUSTODIAN OF SCHOOL MONEYS OF THE BOROUGH OF CARTERET, PLAINTIFF, v. THE BOARD OF EDUCATION OF THE BOROUGH OF CARTERET, COUNTY OF MIDDLESEX, DEFENDANT.

Decided February 16, 1932.

For the plaintiff, *Francis J. Monaghan.*

For the defendant, *David S. Jacoby.*

GOLDBERGER, J. This is an action brought to recover costs and counsel fees incurred by Brady, the plaintiff, in resisting a rule to show cause issued out of the Supreme Court upon application of the board of education, why a writ of *mandamus* should not issue to him, compelling him to countersign warrants signed by the president of the school board and attested by Louis N. Bradford, the district clerk.

Both attorneys have stipulated that the matter be submitted upon an agreed state of facts.

The facts are as follows:

The plaintiff was, on July 1st, 1930, and still is, custodian of school moneys of the school district of the borough of Carteret.

The board of education on April 9th, 1930, sent a true copy of a resolution to Brady, notifying him of the appointment of Louis N. Bradford, district clerk, and informing

the said Brady, that Bradford's duties were to commence July 1st, 1930; and that Bradford was to replace William V. Coughlin, the encumbent. The said Coughlin notified Brady, warning him not to recognize any district clerk other than himself.

Thereafter, warrants for the payment of legal obligations for the district were sent to Brady signed by the president of the board and attested by Louis N. Bradford, the district clerk, which warrants the custodian refused to countersign.

Immediately thereafter, application was made by the board of education for *mandamus* compelling Brady to countersign these warrants, which application was denied "without prejudice."

Article 18 of the school law provides that school moneys shall be paid out by the custodian only on warrants signed by the president and district clerk. The law is plainly mandatory upon the custodian to pay upon the order of a board of education upon being passed to him in a legal form.

In the case of *Zimmerman* v. *Mathe,* 49 *N. J. L.* 45, the court in its decision used the following language:

"With the expenditure of moneys raised for school purposes and the application to the purpose for which they were raised, the tax collector has no official concern."

The custodian of the moneys of the school district in the payment of orders is not responsible for the application the school board has made of the money when such orders come to him drawn according to law.

The case of *Barnet* v. *Paterson,* 48 *N. J. L.* 395, does not govern the matter *sub judice.* In that case the mayor of the city was charged with the duty of being "vigilant and active," and as far as possible to protect the interest of the city; whereas, the duty of the custodian is simply ministerial.

It was not for Brady to decide whether Coughlin was legally removed from office. Bradford and Coughlin had color of title to the office of district clerk, and as to the public either of them constituted a *de facto* officer.

The general rule is that the exercise of a power by the

officer *de facto,* which lawfully pertained to the office to which he had been appointed, or to which he had possession, is valid and binding when it is for the interest of the public or of any individual other than the officer himself, to sustain the officers' act. *Throop Pub. Off.* 622; *Mechem Pub. Off.* 328; *Brinkerhoff* v. *Jersey City,* 64 *N. J. L.* 225, 229.

The plaintiff is not entitled to recover.